ISHAM HENDERSON'S TRUSTEE *v.* FAHEY.

[Abstract Kentucky Law Reporter, Vol. 7—290, 292.]

**Rescission of Contract for Fraud.**

 The acceptance of a deed to real estate does not deprive the grantee of the right to have the contract rescinded on the ground of fraud; and where one having no title conveys real estate to an ignorant man and to get him to accept represents falsely to him that he has good title when he has no title whatever, the contract will be rescinded at the suit of the grantee, who does not have to rely on his warranty and to sue for its breach.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 20, 1885.

OPINION BY JUDGE PRYOR:

The acceptance of the conveyance by the appellee does not deprive him of the right to have the contract, although it is executed, rescinded on the ground of fraud. A recovery on the warranty of title is not the purpose of this action, but on the contrary the deed is asked to be canceled and the parties placed in statu quo for the reason that the grantor had no title, and because of the acceptance of the deed by the appellee upon the representation that the title was good by the grantor, when the latter knew that he had no title. If without title, the appellee should recover provided he established the scienter when Henderson sold and made to him the conveyance. We have searched in vain for any evidence of title on the part of Henderson to this appellee, except his assumption of title expressed in the conveyance to the appellee. This was in the year 1871, and the substance of the testimony is that Henderson, discovering that the city did not wish to use the street or to convert the attempted dedication of Campbell into a street,

took possession of it and fenced it in in the year 1868, and then sold it to appellee within three years from that date, passing or attempting to pass to him the absolute title.

The strip of sixty feet begins at Putland avenue, crossing two other streets to Bank street. Campbell, the original owner of a considerable tract of land, embracing the lot in controversy, had it laid off into lots with streets and alleys, with his plat of record showing the location of the lots and the several streets, the city of Louisville accepting and using some of the streets, but never having used or accepted the street in question.

That it was laid off as a street and lots sold in accordance with the plat is not denied, and while the city, being a defendant to the action, is asserting no claim, it is by no means certain that the owners of these lots are for that reason deprived of the use of this street to enable them to have ingress and egress to their own homes. It was a dedication of this street to the lot owners, although the city of Louisville may not have accepted it. Conceding, however, for the purposes of this case that neither the city nor the lot owners have any interest in the subject-matter of dispute, where is the title of Henderson to the street in question? The appellee has assumed the burden of showing that the lot sold him is composed of this street, as we find it on the recorded plat; that the title is in Campbell and Campbell's heirs, and that all the right Henderson ever had was the possession for three years prior to the time he sold and conveyed to the appellee. The appellee is therefore without title, and if Henderson knew he had no title when he sold to the appellee, representing that his title was good to secure the purchase, the chancellor will and ought to grant the relief. There can be no difference between counsel as to the law of this case. Having accepted the deed and entered, the appellee must rely on his warranty of title and that until he is evicted, unless he can show that the false representations were made as alleged.

The appellee makes out his case upon this branch of the controversy, and as no exceptions seem to have been taken to his competency as a witness his statements must be considered. Exceptions are filed to certain questions propounded and answers to those questions by the appellee, but the question of competency was never made by an exception or otherwise in the court below. Appellee says that the grantor represented his title as good and he accepted it.

The one was a business man and familiar with the title to the property sold, while the other was an ignorant Irishman, that could neither read nor write, and with such contracting parties it is rational to conclude that the one would rely on the statements of the other. That Henderson knew he was without title is demonstrated by McDonald and the witness, Flanery, and besides it is not pretended that he had any other title than exhibited by this record, viz., the taking of possession in the year 1868.

It is argued that no one has claimed this property since 1818, and that Henderson and his vendees have claimed it since 1868. Henderson fails to connect his title with that of Campbell who laid this ground off as a street in 1818, and, having dedicated it to the public by a recorded plat, we must assume that this accounts for the absence of any claim on the part of Campbell from that time to the present. This, however, gave to Henderson no right to enter upon the land in 1868 and by the mere entry acquire such a title as would enable him to pass either the legal or the beneficial use to another.

If the city in 1868 had abandoned the right to use this land as a street, and by so doing deprived the lot owners of their rights as purchasers of these lots to the unobstructed use of the streets and alleys as laid down on the recorded plat, still we are unable to perceive how this conferred title upon one who entered as a trespasser and whose claim of title and possession was as wrongful as the entry. It is not pretended that the possession had ripened into a title when the land was sold to the appellee, or when this suit was established; and with the appellee's testimony out of this case, with the knowledge that the grantor must have presumed as to the character of his holding, we must conclude that he knew when he sold to appellee he was without title, and that the latter, relying upon his statements, accepted the deed.

Judgment *affirmed*.

*Brown & Davie, for appellant.*

*Simrall & Bodley, for appellee.*